UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| GREGORY A. HARRIMAN and<br>KATHRYN P. HARRIMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF AGRICULTURE, FARM<br>SERVICE AGENCY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 05-79-B-W |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

The *pro se* plaintiffs, Gregory and Kathryn Harriman, commenced this action against the United States Department of Agriculture in Maine Superior Court to, in effect, quiet title to certain real property located in Troy, Maine. The Department of Agriculture appropriately removed the action to this Court pursuant to 28 U.S.C. §§ 1444 & 2410. The Harriman's state court complaint alleges that they were "seized in fee simple" of the Troy property within the past twenty years and were "unjustly disseized" of their property by the Department. (Compl., attached to Notice of Removal, Docket No. 1, Ex. 1.) Now pending is the Department's motion to dismiss the action, pursuant to Rule 12 of the Federal Rules of Civil Procedure, on the grounds that neither the Harrimans nor the Department presently have any interest in the property and that the United States has not waived its sovereign immunity to a suit of this nature. (Docket No. 2.) The record presented on the motion and this Court's own docket reflect that the interest the Harrimans once held in the subject property was foreclosed upon by Fleet Bank in state court proceedings that were ultimately affirmed on appeal by the Law Court, that the Harrimans failed

to redeem their interest following the judgment and that the Harrimans have already tried, unsuccessfully, to relitigate the issues determined by that foreclosure action in lawsuits against the Department and others.  See Harriman v. United States Dep't of Agric., 99 F. Supp. 2d 105 (D. ME. 2000) (granting the Department's motion for summary judgment against claims by the Harrimans for an award of monetary damages against the Department, finding no basis in the law for such a claim and basing the dismissal on a lack of jurisdiction); Harriman v. United States Agric. Sec'y, Civ. No. 01-148-B-H, 2001 U.S. Dist. LEXIS 18192, 2001 WL 1382032 (D. Me. Nov. 6, 2001) (Mag. J. Rec. Dec., *aff'd* Nov. 30, 2001) (discussing the Harrimans' prior litigation and recommending, among other things, that the Harrimans' request that the court order the Department to return their property be dismissed for failure to state a claim).  I recommend that the Court grant the Department's motion to dismiss.

## Rule 12 Procedure and Record

Rule 12(b) of the Federal Rules of Civil Procedure, like its state court analogue, authorizes a defendant in a civil action to present certain claim-dispositive defenses by motion, prior to submitting an answer to a plaintiff's complaint.  Fed. R. Civ. P. 12(b).  Among the defenses that may be asserted in such a motion are the defenses that the court "lack[s] jurisdiction over the subject matter" and that the plaintiff's complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(1) & 12(b)(6).  Ordinarily, when Rule 12 defenses are raised, the Court will look exclusively at the allegations set forth in the plaintiff's complaint to determine whether the claim or claims at issue may proceed.  An exception to this limitation is recognized for 12(b)(6) defenses when the parties submit matters outside the pleadings for the court to consider in connection with the motion.  Fed. R. Civ. P. 12(b).  In addition, when a defendant moves to dismiss a claim based on a lack of subject matter

jurisdiction, the defendant may support the motion with affidavits and other materials and the plaintiff must meet the burden of proving that jurisdiction exists, typically by submitting additional, extra-pleading materials. 5A C. Wright & A. Miller, Federal Practice and Procedure, § 1350 at 213 (2d ed. 1990); see also Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996); Hawes v. Club Ecuestre el Comandante, 598 F.2d 698, 699 (1st Cir. 1979). Although neither party to this suit has attempted to pigeon-hole the pending motion under either Rule 12(b)(1) or Rule 12(b)(6), it is abundantly clear that the Harrimans' suit depends on the legal significance to be attached to extra-pleading documents and prior judicial orders and opinions. The Harrimans have themselves submitted numerous documents in opposition to the pending motion. Accordingly, it is appropriate for the Court to adjudicate the pending motion based on the broader record compiled by the parties and available to the Court on its docket and the public dockets of the state courts that have previously considered the Harrimans' contentions.

The record reflects that on February 18, 1998, the State of Maine Superior Court entered an order and judgment of foreclosure in a foreclosure action commenced by Fleet Bank against the Harrimans and the United States of America, among others. The Superior Court found that the Harrimans failed to pay the note to which Fleet Bank's mortgage related; that no defense existed that would justify their non-payment; that the interests held by all of the Harrimans' co-defendants, including the Department, were all inferior and subordinate to Fleet Bank's interest;[1] and that Fleet Bank would be entitled to possession of the property upon expiration of the period of redemption and pending a public sale. (Feb. 18, 1998, Sup. Ct. Order and J. of Foreclosure, Docket No. 2, Ex. 3.) The fact that the Harrimans were in default of their obligation under the note and secured by their mortgage was never challenged by the Harrimans. The other findings

---

[1] The finding that the Department had an inferior interest to that held by Fleet Bank was based on a subordination agreement executed by the Department in Fleet Bank's favor.

made by the Superior Court were either not challenged on appeal or were affirmed on appeal by the Law Court in a written opinion.  See Fleet Bank of Me. v. Harriman, 1998 ME 275, 721 A.2d 658 (affirming judgment of foreclosure).  Subsequently, the Superior Court issued an order on Fleet Bank's report of sale and request for a writ of execution for a deficiency judgment.  The court granted Fleet Bank's request for the writ, observing that the Harrimans had failed to file a timely objection.  (Nov. 3, 1999, Sup. Ct. Order, Docket No. 2, Ex. 10.)

## Discussion

The Harrimans' complaint demands: "(1) judgment for title in fee simple and possession of said premises and (2) judgment for damages for rents and profits of the premises and for destruction and waste of the buildings and other property on said premises."  (Compl. at 4.)  The Harrimans characterize their action as authorized pursuant to 14 M.R.S.A. §§ 6701 *et. seq.* and filed their complaint pursuant to Rule 80A of the Maine Rules of Civil Procedure.  They maintain that the Department's motion to dismiss must be denied because they have alleged a *prima facie* case that they have a right, by virtue of their 1989 warranty deed from Charles and Stephen Clifford, to a declaration of their ownership of the property.  (Pls.' Obj. at 1-2, Docket No. 3.)  They also maintain that the Department currently holds an interest in the subject property because the Department filed its mortgage before Fleet Bank filed its mortgage, disregarding entirely the subordination agreement entered into by the Department and Fleet Bank roughly 15 years ago, the judgment of foreclosure entered some seven years, six months ago and the release deed from Fleet Bank that conveyed the title and the interest of Fleet Bank and all parties to the state court litigation to those individuals who purchased the property at the public sale.  (Id.; see also Subordination Agreement, Docket No. 3, Elec. Attach. 5.)

4

Contrary to the Harrimans' contentions, the foreclosure of their equity of redemption wholly extinguished the Harrimans' title or estate in the subject property. Smith v. Varney, 309 A.2d 229, 232 (Me. 1973). Furthermore, the statutory public sale that followed the expiration of the Harrimans' period of redemption and the delivery of the release deed from the foreclosing mortgagee subsequent to the sale "convey[ed] the premises free and clear of all interests of the parties in interest joined in the action." 14 M.R.S.A. § 6323. Finally, Maine law is clear that a party may not commence an action to recover an estate in real property unless the plaintiff has a colorable claim to an estate and a right of entry to the property in question. 14 M.R.S.A. § 6702; Strout v. Gammon, 629 A.2d 43, 45 (Me. 1993); see also Psonak v. Roberts, 1999 ME 171, ¶¶ 4-5, 740 A.2d 590, 591 (affirming entry of summary judgment against action for ejectment brought by former owners of a property whose interests had previously been foreclosed).

Because the respective interests of the Harrimans and the Department in the subject property were extinguished through the state foreclosure proceedings, the Harrimans no longer have standing to recover an estate by real action, neither the state court nor this court has jurisdiction to entertain their action, and/or, even if jurisdiction did lie, the record conclusively demonstrates that the estate or interest the Harrimans seek to recover is premised on their 1989 deed, the very estate or interest that was extinguished by the foreclosure proceedings.[2]

---

[2] It is difficult to understand why the Harrimans' present lawsuit for damages is not also barred by the doctrine of *res judicata* in view of the prior litigation they commenced against the Department in this very Court. See Photias v. Graham, 14 F. Supp. 2d 126, 129-30 (D. Me. 1998) ("[T]he doctrine of res judicata bars the relitigation in a present action of all issues that were tried, or may have been tried, in a prior action if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters present for decision now were, or might have been, litigated in the prior action.") (citing Currier v. Cyr, 570 A.2d 1205, 1208 (Me. 1990)). The Department also raises a sovereign immunity challenge to the Harrimans' suit. I have not addressed that additional issue due to the numerous other legal barriers that exist for the instant litigation.

**Conclusion**

For the reasons stated herein, I **RECOMMEND** that the Court **GRANT** the Department's motion to dismiss (Docket No. 2.)

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated August 19, 2005